UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE NACHBAUR, derivatively on behalf of nominal defendant BOSTON SCIENTIFIC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL F. MAHONEY, NELDA J. CONNORS, CHARLES J. DOCKENDORFF, YOSHIAKI FUJIMORI, DONNA A. JAMES, EDWARD J. LUDWIG, DAVID ROUX, JOHN E. SUNUNU, ELLEN M. ZANE, JOSEPH M. FITZGERALD, DANIEL J. BRENNAN, SHAWN MCCARTHY, IAN MEREDITH, KEVIN BALLINGER, and SUSAN VISSERS LISA,<br><br>Defendants,<br><br>and<br><br>BOSTON SCIENTIFIC CORPORATION,<br><br>Nominal Defendant. | Civil Action No.<br>23-10750-FDS |

### ORDER ON MOTION TO SEAL

SAYLOR, C.J.

This is a shareholder derivative action brought on behalf of Boston Scientific Corporation against its Board of Directors and certain of its executive officers alleging various breaches of fiduciary duties and violations of federal law. On April 7, 2023, plaintiff filed a redacted complaint and a motion to file the unredacted complaint under seal. On May 2, 2023, the parties filed a joint motion and stipulation for temporary stay, which the Court granted. Plaintiff has

moved to seal the unredacted version of the complaint on the ground that it contains proprietary or commercially sensitive information produced by Boston Scientific pursuant to a confidentiality agreement.

Pleadings and other documents submitted to the court that are "relevant to the determination of the litigants' substantive rights" or for the "purpose of influencing an[] adjudicatory proceeding" are subject to the presumption of public access. *United States v. Kravetz*, 706 F.3d 47, 58, 59 n.9 (1st Cir. 2013). However, certain countervailing interests can "overwhelm the usual presumption and defeat access." *Id*. at 59 (quoting *Siedle v. Putnam Investments, Inc.* 147 F.3d 7, 10 (1st Cir. 1998)). Among other things, "[p]rivacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Id.* at 62 (quoting *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 411 (1st Cir. 1987).

Here, the Court must weigh the interest in public access to the entire complaint against the asserted privacy interests in disclosing nonpublic, proprietary, or commercially sensitive information. Among other things, courts should "consider the degree to which the subject matter is traditionally considered private rather than public." *In re Bos. Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003). "[S]ources of business information that might harm a litigant's competitive standing" have been found sufficient to outweigh the common law presumption. *Nixon v Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Alchem USA Inc. v. Cage*, 2022 WL 3043153 (3d Cir. 2022); *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016).

Under the circumstances, and particularly in light of the confidentiality agreement, the Court GRANTS plaintiff's motion to file under seal. The sealing is provisional, and subject to being

modified or vacated for good cause shown if the stay is lifted and the matter proceeds to active litigation.

**So Ordered.**

Dated:  February 6, 2024

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court