## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
　　　　　　　　　　　　　　　　　　　)
**DIANE NACHBAUR, derivatively on** 　)
**behalf of nominal defendant BOSTON** )
**SCIENTIFIC CORPORATION,** 　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　**Plaintiff,** 　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　　**Civil Action No.**
　　　　v. 　　　　　　　　　　　　　)　　　**23-10750-FDS**
　　　　　　　　　　　　　　　　　　　)
**MICHAEL F. MAHONEY, NELDA J.** 　)
**CONNORS, CHARLES J.** 　　　　　　)
**DOCKENDORFF, YOSHIAKI FUJIMORI,** )
**DONNA A. JAMES, EDWARD J. LUDWIG,** )
**DAVID ROUX, JOHN E. SUNUNU, ELLEN** )
**M. ZANE, JOSEPH M. FITZGERALD,** 　)
**DANIEL J. BRENNAN, SHAWN** 　　　)
**MCCARTHY, IAN MEREDITH, KEVIN** 　)
**BALLINGER, and SUSAN VISSERS LISA,** )
　　　　　　　　　　　　　　　　　　　)
　　　　**Defendants,** 　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　**and** 　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
**BOSTON SCIENTIFIC CORPORATION,** 　)
　　　　　　　　　　　　　　　　　　　)
　　　　**Nominal Defendant.** 　　　　)
_____)

## ORDER ON MOTION FOR PRELIMINARY APPROVAL OF
## <u>DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE</u>

**SAYLOR, C.J.**

WHEREAS, a stockholder derivative action brought on behalf of Boston Scientific

Corporation ("Boston Scientific" or the "Company"), Nachbaur v. Mahoney, et al., Case No.

1:23cv-10750-FDS (D. Mass.) (the "Action"), is pending before this Court;

WHEREAS, a stockholder derivative action brought on behalf the Company, Tripson v.

Mahoney, et al., C.A. No. 2023-1048-MTZ (Del. Ch.) (the "Delaware Action"), is pending in the

Court of Chancery in the State of Delaware;

WHEREAS, a demand for the inspection of books and records pursuant to 8 Del. C. § 220 was made by the Excavators Union Local 731 Pension Fund (the "220 Demand" and, together with the Action and the Delaware Action, the "Derivative Matters");

WHEREAS, Nachbaur, Tripson and Excavators Union Local 731 Pension Fund (collectively "Stockholders") and the Defendants have agreed to fully and finally resolve all claims in the Derivative Matters in a proposed settlement (the "Settlement"), pursuant to the terms and conditions set forth in the Stipulation and Agreement of Settlement dated September 6, 2024, together with the Exhibits annexed thereto (the "Stipulation");

WHEREAS, all capitalized terms contained herein shall have the meanings as set forth in the Stipulation;

WHEREAS, Stockholders moved, without opposition, pursuant to Federal Rule of Civil Procedure 23.1 for an order:  (i) preliminarily approving the Settlement; and (ii) approving the form and manner of dissemination of Settlement Notice through the Short-Form Notice and the Long-Form Notice;

WHEREAS, this Court, having considered the Stipulation and the Exhibits annexed thereto and Stockholders' unopposed motion for preliminary approval of the Settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2.  A hearing (the "Settlement Hearing") shall be held before this Court on Tuesday, March 25, 2025, at 2:00 p.m., at the United States District Court for the District of

Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, Courtroom 10, 5th floor, to determine whether the Settlement of the Derivative Matters on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to Boston Scientific Corporation ("Boston Scientific" or the "Company") and its stockholders and should be approved by the Court; whether the District Court Approval Order and a Judgment as provided in ¶ 1.6 and ¶ 1.11 of the Stipulation should be entered herein; and whether to approve the agreed attorneys' fees and expenses to Stockholders' Counsel.

3.   The Court approves, as to form and content, the Notice of Proposed Derivative Settlement annexed as Exhibit C-1 to Exhibit B of Docket Entry 32 (the "Long-Form Notice") and the Summary Notice of Proposed Derivative Settlement annexed as Exhibit C-2 to Exhibit B of Docket Entry 32 (the "Short-Form Notice"), and finds that the publication of the Long-Form Notice, Short-Form Notice and Stipulation, substantially in the manner and form set forth in Exhibits C-1 and C-2 to Exhibit B or Docket Entry 32, meeting the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

4.   Not later than 10 business days following entry of this Order, Boston Scientific shall: (a) cause a copy of the Long-Form Notice, substantially in the form annexed as Exhibit C-1 to Exhibit B of Docket Entry 32, and the Stipulation to be filed with the U.S. Securities and Exchange Commission ("SEC") along with an SEC Form 8-K or other appropriate filing; and (b) create a link to the SEC filing on the Company's "Investor Relations" page, the address of which shall be contained in the Long-Form Notice and Short-Form Notice.  Boston Scientific shall promptly cause a copy of the Short-Form Notice, substantially in the form annexed as Exhibit C-2 to Exhibit B of Docket Entry 32, to be published one time in Investor's Business Daily.

5.  All costs incurred in the filing, publishing, and posting of the Long-Form Notice and the Short-Form Notice shall be paid by Boston Scientific, and Boston Scientific shall undertake all administrative responsibility for such filing, publication, and posting.

6.  Not later than 14 days before the Settlement Hearing, Boston Scientific's Counsel shall serve on Stockholders' Counsel and file with the Court proof, by affidavit or declaration, that it has complied with ¶ 4 above.

7.  All Boston Scientific stockholders of record as of the Approval Date shall be bound by all orders, determinations, and judgments of the Court in the Action concerning the Settlement, whether favorable or unfavorable to Boston Scientific stockholders.

8.  Pending final determination by the Court of whether the Settlement should be approved, this Court preliminarily bars and enjoins Plaintiff, all other stockholders, and the Company, on behalf of themselves, from commencing, instituting, filing, intervening in, participating in (as a nominal defendant or otherwise), receiving any benefit from, or prosecuting any of the Released Claims against any of the Released Persons.  For the avoidance of doubt, this provision shall not apply to any insurance claims the Settling Defendants, Boston Scientific and/or the Stockholders have against any of their insurers in connection with the Released Claims.  All proceedings and discovery in the Action shall be stayed except as otherwise provided for in the Stipulation, and no party to the Action or any Boston Scientific stockholder shall file or prosecute any action or proceeding in any court or tribunal relating to the Settlement or asserting any of the Released Claims against the Released Persons; except that this Order shall not impair or restrict the rights of any Settling Party to seek insurance coverage for the Settlement, the Securities Class Action, the Action or the Delaware Action.

9.  Stockholders shall file and serve their opening brief in support of final approval of the

4

Settlement no later than 45 calendar days prior to the Settlement Hearing. Stockholders may file

a brief in further support of final approval of the Settlement no later than 10calendar days prior

to the Settlement Hearing.

10. As set forth in the Notice, any current Boston Scientific stockholder may appear and

show cause, if he, she, or it has any reason why the terms of the Settlement of the Derivative

Matters or the Fee and Expense Application should not be approved as fair, reasonable and

adequate, or why the District Court Approval Order and Judgment should not be entered thereon,

provided, however, that, unless otherwise ordered by the Court, no current Boston Scientific

stockholder shall be heard or entitled to contest the approval of all or any of the terms and

conditions of the Settlement, or, if approved, the District Court Approval Order and the

Judgment to be entered thereon approving the same, unless that Person has, at least 21 calendar

days before the Settlement Hearing, filed with the Clerk of the Court appropriate proof of Boston

Scientific stock ownership, along with written objections, including the basis therefore, and

copies of any papers and brief in support thereof. All written objections and supporting papers

must be submitted to the Court either by mailing them to:

Clerk of the Court
United States District Court District Of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

OR by filing them in person at any location of the United States District Court for the District of

Massachusetts. All written objections must also be mailed to:

Plaintiff's Counsel:
RIGRODSKY LAW, P.A.
Timothy J. MacFall
825 East Gate Boulevard, Suite 300
Garden City, NY 11530

5

(516) 683-3516
tjm@rl-legal.com

<u>Defendants' Counsel:</u>
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
James R. Carroll (BBO #554426)
Alisha Q. Nanda (BBO #657266)
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
alisha.nanda@skadden.com

Any current Boston Scientific stockholder who does not make an objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation and to the award of attorneys' fees and expenses to be Stockholders' Counsel, unless otherwise ordered by the Court, but shall otherwise be bound by the District Court Approval Order and the Judgment to be entered and the releases to be given.

11.  Any attorney hired by a stockholder for the purpose of objecting to the Settlement must file a notice of appearance with the Clerk of the Court no later than 21 calendar days before the Settlement Hearing.

12.  Stockholders' Counsel and Defendants' Counsel are directed to promptly furnish each other with copies of any and all objections that are served upon them or otherwise come into their possession.

13.  At least 5 calendar days prior to the Settlement Hearing, the Settling Parties may serve and file with the Court a joint response brief (or, at the Parties' discretion, separate response briefs) to any objections made in connection with the Proposed Settlement.

14. Neither the Stipulation nor the Settlement, including the Exhibits attached thereto, nor

any act performed or documented executed pursuant to or in furtherance of the Stipulation or the Settlement:  (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way as a concession, admission, or evidence of the validity of any Released Claims or any fault, wrongdoing, or liability of the Released Persons or Boston Scientific; or (b) is or may be deemed to be or may be used as a presumption, admission, or evidence of any liability, fault or omission of any of the Released Persons or Boston Scientific in any civil, criminal, or administrative or other proceeding in any court, administrative agency, tribunal or other forum. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement or to seek insurance coverage for the Settlement, the Securities Class Action, the Action or the Delaware Action, and except that the Released Persons may file or use the Stipulation, the District Court Approval Order and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Boston Scientific stockholders, and retains exclusive jurisdiction to consider all further applications arising out of or connected with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Boston Scientific stockholders.

**So Ordered.**

/s/ F. Dennis Saylor IV
_____

F. Dennis Saylor IV

Dated:  January 8, 2025              Chief Judge, United States District Court