# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE NACHBAUR, Derivatively on Behalf of Nominal Defendant BOSTON SCIENTIFIC CORPORATION,<br><br>Plaintiff,<br>v.<br><br>MICHAEL F. MAHONEY, NELDA J. CONNORS, CHARLES J. DOCKENDORFF, YOSHIAKI FUJIMORI, DONNA A. JAMES, EDWARD J. LUDWIG, DAVID ROUX, JOHN E. SUNUNU, ELLEN M. ZANE JOSEPH M. FITZGERALD, AND DANIEL J. BRENNAN, SHAWN MCCARTHY, IAN MEREDITH, KEVIN BALLINGER, and SUSAN VISSERS LISA,<br><br>Defendants,<br><br>BOSTON SCIENTIFIC CORPORATION,<br><br>Nominal Defendant. | Case No. 1:23-cv-10750-FDS<br><br>[PROPOSED] ORDER APPROVING FINAL SETTLEMENT OF DERIVATIVE ACTION |

A hearing having been held before this Court on March 13, 2025, pursuant to the Court's order of January 8, 2025 (the "Scheduling Order"), upon the Stipulation of Settlement dated September 6, 2024 ("Stipulation"), entered into between and among the Parties in the Derivative Matters, which is incorporated by reference, it appearing that due notice of the hearing has been given to all Boston Scientific Stockholders in accordance with the Preliminary Approval Order, the Parties having appeared through their respective attorneys of record, the Court having heard and considered evidence in support of the proposed Settlement, the attorneys for the Parties having been heard, an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Scheduling Order, the Court having determined that notice to all Boston Scientific Stockholders was adequate and sufficient, and the entire matter of the proposed Settlement having been heard and considered by the Court, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, this 13th day of March, 2025, that: 1. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement of the Action, as well as personal jurisdiction over the Parties and all Boston Scientific Stockholders, and it is further determined that Plaintiff, the Settling Defendants, the Company, and all Boston Scientific Stockholders, as well as their heirs, executors, successors, and assigns, are bound by this Order and Judgment.

2. Notice has been given to all Boston Scientific Stockholders, pursuant to and in the manner directed by the Scheduling Order, proof of dissemination of the Settlement Notice has been filed with the Court, and full opportunity to be heard has been offered to all Parties and to all other persons and entities with an interest in matters relating to the Settlement. The form and manner of the Settlement Notice is hereby determined to have provided due and sufficient notice

3

of the Settlement and to have been given in full compliance with the requirements of Rule 23.1 and due process.

3. Based on the record before the Court, each of the provisions of Rule 23.1 has been satisfied and the Action has been properly maintained according to the provisions of Fed. R. Civ. P. 23.1.

4. The Settlement is found to be fair, reasonable, adequate, and in the best interests of Boston Scientific and all Boston Scientific Stockholders and is hereby approved pursuant to Fed. R. Civ. P. 23.1. The Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions.

5. This Action is hereby dismissed with prejudice, and the Clerk is directed to enter and docket the Judgment attached hereto.

6. The Parties in the Action shall bear their own fees, costs, and expenses, except as provided in paragraph 12 below or as otherwise provided in the Stipulation and Preliminary Approval Order.

7. Upon entry of the District Court Approval Order, Stockholders and Boston Scientific, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged and dismissed with prejudice each and every one of the Released Claims against the Released Persons. For the avoidance of doubt, this shall not release any insurance claims the Settling Defendants, Boston Scientific and/or the Stockholders have against any of their insurers in connection with the Released Claims.

8. Upon entry of the District Court Approval Order, Stockholders (acting on their own behalf and derivatively on behalf of Boston Scientific and its stockholders), and Boston Scientific, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Claims against any of the Released Persons. For the avoidance of doubt, this provision shall not apply to any insurance claims the Settling Defendants, Boston Scientific and/or the Stockholders have against any of their insurers in connection with the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation or to seek insurance coverage for the Settlement, the Securities Class Action, the Action or the Delaware Action.

9. Upon entry of the District Court Approval Order, each of the Settling Defendants, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and all of the Stockholders and Stockholders' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Derivative Matters or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation or to seek insurance coverage for the Settlement, the Securities Class Action, the Action or the Delaware Action.

10. Neither this Order and Judgment, nor the Stipulation or their negotiation, nor any proceedings taken pursuant thereto shall be deemed or argued to be evidence of or to constitute an admission or concession by Defendants or the Company.

11. In the event that the Settlement is terminated pursuant to the terms of the Stipulation or if any of the conditions in ¶ 7.1 of the Stipulation do not occur for any reason, then (i) the Settlement and the Stipulation shall be canceled and terminated; (ii) this Order and Judgment and any related orders entered by the Court shall in all events be treated as vacated, *nunc pro tunc*; (iii) the release of the Released Claims provided for in this Order and Judgment shall be null and void; (iv) the fact of the Settlement shall not be admissible in any proceeding before any court or tribunal; (v) all proceedings in, and parties to, the Action shall revert to their status immediately prior to the Parties entry into the Stipulation, and no materials created by or received from another Party that were used in, obtained during, or related to Settlement discussions shall be admissible for any purpose in any court or tribunal, or used, absent consent from the disclosing party, for any other purpose or in any other capacity, except to the extent that such materials are required to be produced during discovery in the Derivative Matters or in any other litigation; and (vi) the Parties shall proceed in all respects as if the Stipulation had not been entered into by the Parties.

12. Stockholders' Counsel are awarded attorneys' fees and expenses in the amount of $800,000.00 (the "Fee and Expense Award"), which award the Court finds to be fair and reasonable, and which shall be paid to Stockholders' Counsel in accordance with the terms of the Stipulation. In addition, Stockholders are awarded $2,000.00 each for their services in connection with the Action, which shall be paid from the Fee and Expense Award.

13. No proceedings or Court order with respect to the Fee and Expense Award, if any, or the award to Stockholders (as set forth in paragraph 12 above) shall in any way disturb or affect this Order and Judgment (including precluding Final Approval of the Settlement or the Settlement otherwise being entitled to preclusive effect upon the satisfaction of the conditions in ¶ 7.1 of the

Stipulation), and any such proceedings or Court order shall be considered separate from this Order and Judgment.

IT IS SO ORDERED.

DATED: 3-13-25

/s/ F. Dennis Saylor
HON. F. DENNIS SAYLOR, IV
Chief Judge, United States Court for
the District of Massachusetts